IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| SCOTT A. SMITH, ) | |
| ) | |
| Plaintiff ) | 1:23-CV-00277-SPB |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| WARDEN, FCI MCKEAN, DEREK ) | |
| LEBLANC, IN HIS PERSONAL AND ) | REPORT AND RECOMENDATION |
| PROFESSIONAL CAPACITIES, ) | |
| ) | ECF NO. 14 |
| Defendants ) | |

I.   Recommendation

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute and that the Defendants' pending motion to dismiss then be dismissed as moot.

II.   Report

A.   Background

Plaintiff Scott A. Smith ("Plaintiff") initiated this civil rights action on September 9, 2023, by filing a motion for leave to proceed in forma pauperis (IFP). ECF No. 1. In the accompanying complaint, Plaintiff alleged that a corrections officer at the Federal Correctional Institution at McKean, Derek LeBlanc, subjected him to a "campaign of harassment" and abuse such that Plaintiff "feared for his safety." ECF No. 1-1, p. 2. In addition to LeBlanc, Plaintiff also named the Warden of FCI-McKean as a Defendant. *Id*.   He did not name any other defendants in his pleading. *Id*. On October 24, 2023, the Court granted Plaintiff's IFP motion and directed the Clerk to docket his Complaint. ECF No. 5.

On March 26, 204, the Defendants filed a motion to dismiss Plaintiff's complaint. *See* ECF No. 14. Defendants moved, in the alternative, for summary judgment and filed a Concise Statement of Material Facts in compliance with our Local Rules. *See* ECF No. 16. By order dated April 2, 2024, Plaintiff was directed to file a response in opposition to the Defendants' motion and a responsive concise statement of material facts by May 2, 2024. *See* ECF No. 17. When no response was received by that date, the Court ordered Plaintiff to show cause for his failure to comply with the Court's response order. *See* ECF No. 18. The Court's Order instructed Plaintiff that he could comply with the show cause order by filing his overdue responses on or before May 17, 2024. *Id.* The Clerk of Court also mailed a form to Plaintiff directing him to indicate whether he wishes to have a District Judge designated as presider or consented to the jurisdiction of a United States Magistrate Judge in these proceedings. All of the Court's mailings have been returned with a notation that they were not deliverable and that the Plaintiff was no longer at FCI-McKean. The consent to a magistrate judge/district judge option form was returned on April 15, 2024, the response order was returned on May 15, 204, and the order to show cause was returned on May 23, 2024. Plaintiff has not updated his address to reflect any change in his place of incarceration or that he has been released.

B. Analysis

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As the Court of Appeals recently emphasized, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n.1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). That last activity from the Plaintiff in this case was on November 24, 2023, when he filed an authorization for payment for the costs of this lawsuit. *See* ECF No. 7. Since then, all mail to the Plaintiff has been returned to the Court as undeliverable and further, the Plaintiff has failed to respond to Court orders or take

any steps to prosecute his claims. Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. *See, e.g., Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions. It is also the Plaintiff's sole responsibility to update the Court with any change of address. *Juaquee v. Pike Cnty. Corr. Facility Emps.*, 2013 WL 432611, at *1 (M.D. Pa. Feb. 1, 2013). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, given the thorough nature of their motion to dismiss, or in the alternative for summary judgment, it is obvious that the Defendants. Moreover, Plaintiff's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendants from receiving a timely adjudication of the claims against them. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). This factor also weighs in favor of dismissal.

The same is true of the third *Poulis* factor. Plaintiff has failed to engage with the Court or take any steps in over ten months to pursue his claims. This conduct is enough to establish a history of dilatoriness. *See Mack*, 2019 WL 1302626, at *2 ("Mack has established a history of

dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Although Plaintiff is solely responsible for maintaining a current address, it is unclear whether his failure to do so is the result of an intentional abandonment of his claims or simple neglect. Under such circumstances, the Court concludes that this factor is neutral.

The fifth factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See, e.g., Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. In this case, the arguments presented in Defendants' motion are compelling. *See Harris v. Lebron*, 2024 WL 4242815, at *6 (E.D. Pa. Sept. 19, 2024) (noting that the defense's arguments for dismissal were "compelling," that the Plaintiff had failed to respond to the motion to dismiss, and citing *Poulis)*. Accordingly, this factor slightly tilts in favor of dismissal.

In summary, the Court finds that five of the six *Poulis* factors weigh in favor of dismissal while one factor is neutral. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

III. Conclusion

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute. Then, the Defendants' pending motion to dismiss should be dismissed as moot.

IV. Notice

In accordance with 28 U.S.C. § 636(6)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. See Fed. R. Civ. P. 72(6)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 8th day of October, 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE